UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAYNE ANDERSON, et al.,

    Plaintiffs,

v.

JAS CARRIERS, INC., et al.,

    Defendants.

Case No. 1:12-cv-280

Weber, J.
Bowman, M.J.

**MEMORANDUM ORDER**

**I. Background**

Defendants have filed a motion seeking to establish a reasonable fee for the discovery deposition of Dr. Steven S. Agabegi, an orthopedic surgeon who has treated Plaintiff Wayne Anderson. In addition to being a treating physician who has performed two surgeries on Plaintiff, Dr. Agabegi also has been identified as one of Plaintiffs' experts. Dr. Agabegi has demanded prepayment of $1,500.00 for the first hour of his deposition and a half hour telephone conference, with any additional deposition hours to be billed at the rate of $1,000.00 per hour. Prior to turning to this Court, the parties attempted to negotiate their dispute. Plaintiffs' counsel was amenable to a reduction of Dr. Agabegi's hourly rate, but Dr. Agabegi refused to reduce his charge. Plaintiffs have filed no opposition to the Defendants' motion seeking to require Dr. Agabegi to accept a rate determined by this Court.

1

**II. Analysis**

Rule 26(b)(4)(E)(i) states that "[u]nless manifest injustice would result," a party must pay an expert a "reasonable fee" for a deposition. The issue of what constitutes a "reasonable fee" has been extensively litigated throughout the country, perhaps most frequently in the context of treating physicians.[1] In the Sixth Circuit and elsewhere, federal case law reflects widespread judicial criticism of blatant attempts to gouge opposing parties with steep fees, and an activist approach in reducing fees deemed to be exorbitant. Most recently in *Burgess v. Fischer*, 283 F.R.D. 372 (S.D. Ohio 2012), another court in this district issued a published decision determining that $360.00 per hour was a reasonable rate for the deposition of an expert whose credentials included both an "M.D." and a "Ph.D." *See also Alvarado v. Oakland County*, 2011 WL 282683 (E.D. Mich. Jan 26, 2011); *Weimer v. Honda of Amercia, Mfg., Inc.*, 2008 WL 5142418 (S.D. Ohio Dec. 5, 2008); *Bell v. City of Hudson*, 2006 WL 1473209 (N.D. Ohio May 22, 2006); *Norman v. City of Lorain*, 2006 WL 5249724 (N.D. Ohio Nov. 16, 2006); *Delbrugge v. State Farm Mut. Auto. Ins. Co.*, 2001 WL 1842317 (S.D. Ohio May 7, 2001). Although *Burgess* appears to be the only published recent case within the Sixth Circuit, published cases from other jurisdictions reflect wide accord. *See generally, Coleman v. Dydula*, 190 F.R.D. 320 (W.D.N.Y. 1999)(collecting cases); *Hose v. Chicago and North Western Transportation Co.*, 154 F.R.D. 222, 226 n.8 (S.D. Iowa 1994)(bemoaning the "continuing escalation and the increasing attitude of experts that they should be accorded fees set at the maximum-the-traffic-will-bear").

---

[1] In *Fisher v. Ford Motor Co.*, 178 F.R.D. 195 (N.D. Ohio 1998), the court held that the portion of Rule 26(b)(4) that requires a "reasonable fee" to be paid to experts does not apply to treating physicians. In light of the 1993 amendments to the civil rule, Fisher is no longer persuasive on this issue. *Accord Weimer*, 2008 WL 4503562 at *2.

Under this body of case law, a "reasonable" expert fee is not automatically equal to the "prevailing market rate." *See e.g., Magee v. The Paul Revere Life Insurance Co.*, 172 F.R.D. 627, 646 (E.D.N.Y. 1997)(holding that the rule "requires that an expert receive a 'reasonable' fee, and not necessarily one justified under current market conditions."). Instead, courts called to determine a "reasonable" expert fee will consider the prevailing rate for a comparable, available expert as one of a multitude of factors, including: (1) the witness's area of expertise; (2) the education and training required for the opinion sought; (3) the nature, quality and complexity of the discovery responses provided; (4) the fee being charged to those who retained the expert; and (5) fees traditionally charged on related matters. The list of factors that may be relevant can vary from case to case. *See Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 495 (S.D. Iowa 1992).

In the case presented, Defendants argue persuasively that the rate proposed by Dr. Agabegi is excessive and would constitute an unreasonable fee, but offer limited evidence to support a different specific hourly rate. For example, Defendants offer evidence that Dr. Agabegi's average cost for an office visit is less than $200, based upon Plaintiff's billing statements for at least 12 such visits. However, Defendants fail to explain how the cost of a single office visit would translate to an appropriate hourly rate for a physician deposition. After all, few (if any) physicians, and presumably even fewer orthopedic surgeons, would allocate an entire hour to a single patient for an office visit, whereas a deposition typically requires several hours.

Defendants have not provided this Court with the hourly billing rates of comparable orthopedic surgeons, but it is clear that attempting to derive a reasonable

expert fee rate from a "net" billing rate could be problematic. A recent survey of physician pay conducted by Medscape and presented at the American Academy of Orthopedic Surgeons 2012 Meeting reported that, in part due to low Medicare reimbursement rates, orthopedic surgeons earned hourly income averaging just $88. *See* http://www.medscape.com/viewarticle/758687. Such a low rate would appear to be presumptively unreasonable as an expert witness fee for an individual with the training and experience of an orthopedic surgeon.

Ultimately, the issue of setting a "reasonable" expert fee falls within the exercise of judicial discretion. In lieu of advocating for any specific rate, Defendants primarily cite to Ohio cases in which federal courts have reduced exorbitant expert fees to "reasonable" rates, ranging from $200 to $600 per hour. *See e.g. Burgess v. Fischer*, 283 F.R.D. 372 (S.D. Ohio 2012); *Weimer v. Honda of America, Mfg., Inc.*, 2008 WL 5142418; *Bell v. City of Hudson*, 2006 WL 1473209; *Norman v. City of Lorain*, 2006 WL 5249724; *Delbrugge v. State Farm Mut. Auto. Ins. Co.*, 2001 WL 1842317.

When confronted with a similar issue, the court in *Weimer* initially required the defendant to supplement its motion to reduce the expert fee by providing additional information to help determine a reasonable fee. *See Weimer v. Honda of America, Mfg., Inc.*, 2008 WL 4503562 (S.D. Ohio Oct. 1, 2008). Despite the somewhat limited information provided by Defendants, the undersigned concludes that a reasonable fee can be established considering the record as a whole, including the rates charged for office visits, Dr. Agabegi's presumed experience and training as a surgeon, and rates set by other federal courts in recent years. Applying that information, the Court concludes a reasonable rate for Dr. Agabegi's discovery deposition is $400 per hour.

4

### III.  Conclusion

Accordingly, **IT IS ORDERED**:

1.  Defendants' motion to establish a reasonable expert fee for the deposition of Dr. Steven S. Agabegi (Doc. 28) is **GRANTED;**

2.   Defendants shall pay Dr. Agabegi at the rate of $400 per hour for his discovery deposition and related preparation time.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge